**UNITED STATES COURT OF APPEALS**
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

**MICHAEL E. GANS**
**Clerk of Court**

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

RECEIVED DEC 29 2003 U.S. DISTRICT COURT EASTERN DISTRICT OF MO ST. LOUIS

December 24, 2003

Mr. Alok Ahuja
LATHROP & GAGE
Suite 2800
2345 Grand Boulevard
Kansas City, MO 64108

    Re:  03-1062  Willis W. Corbett vs. Richard W. Sullivan

    Re:  03-2264  Willis W. Corbett vs. Richard W. Sullivan

Dear Counsel:

    The court today issued an opinion in this case. Judgment in accordance with the opinion is also entered today.

    Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc **must** be received in the clerk's office within 14 days of the date of the entry of judgment. No grace period for mailing is allowed, and the date of the postmark is irrelevant. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

(5148-010199)

                            Sincerely,

                            Michael E. Gans
                            Clerk of Court

srd

Enclosure(s)

cc:  Mark F. Hearne II
     Amy E. Marchant
     Alok Ahuja
     Kevin M. O'Keefe
     Stephanie Elise Karr

     Cynthia Hoemann
     Christopher J. McCarthy
     Elbert A. Walton Jr.
     James G. Woodward

    District Court/Agency Case Number(s): 4:01CV2006CDP

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

Nos. 03-1062EM, 03-2264EM

| | |
|---|---|
| Willis W. Corbett; Mary Singleton; Lillian Juanita Welker; Judy Dabler; John McGowen; Steve Buss; and Dwight M. Scharnhorst, <br><br> Appellants, <br><br> v. <br><br> Richard W. Sullivan; Linda M. Locke; Pamela S. Wright; and Barbara A. Enneking, being the Members of and Constituting the Board of Election Commissioners of St. Louis County, Missouri; <br><br> Appellees, <br><br> St. Louis County, Missouri, <br><br> Intervenor Appellee. | On Appeal from the United States District Court for the Eastern District of Missouri. |

Submitted: November 21, 2003
Filed: December 24, 2003

Before MELLOY, RICHARD S. ARNOLD, and COLLOTON, Circuit Judges.

RICHARD S. ARNOLD, Circuit Judge.

In this case, representatives of the Republican Party known as the Corbett plaintiffs challenge the amount of attorney's fees the District Court awarded to them in a case involving the apportionment of the governing body of St. Louis County, Missouri. They argue principally that the District Court did not sufficiently explain its action. We affirm the District Court's award.

I.

As the District Court rightly noted, this case stems from a failure of the political process.

The St. Louis County Council is the governing body of St. Louis County. The St. Louis County Charter requires that the County be divided into seven single-member County Council districts. After the 2000 census, redistricting became necessary to reflect demographic changes. The Charter provides for appointment of a County Council Reapportionment Commission every ten years to accomplish the redistricting. Pursuant to the Charter, a Commission was appointed on June 28, 2001. The Commission had until December 28, 2001, to complete the redistricting. The Charter provides no recourse for extending the appointment of the Commission, nor does it explain how the redistricting should be accomplished if the Commission fails to act. History, however, dictates the chosen remedy. In 1992, after the Commission failed to accomplish its assigned task, a federal judge ended up drawing the lines. Fletcher v. Golder, No. 91-2314C(7), 1992 U.S. Dist. LEXIS 5894 (E.D. Mo. Feb. 4, 1992), aff'd, 959 F.2d 106 (8th Cir. 1992). Ten years before that, the lines were drawn by a federal judge, not the Commission. Druckenmiller v. Arnold, No. 81-400-C(5) (E.D. Mo. Jan. 18, 1982).

True to form, the Commission failed to accomplish its task by the December 28, 2001, deadline. The Republicans, anticipating that the Commission would fail to act, filed this case on December 21, 2001, a week before the Commission's time ran out. The theory of the case was that the districts, as they were then drawn, violated the constitutional principle of "one person, one vote" and the Voting Rights Act, as demographic changes had caused the seven districts to have unequal populations. Representatives of the Democratic Party and the St. Louis Branch of the NAACP intervened on the plaintiffs' side. The first issue in the case, the validity of the existing plan, was a foregone conclusion. The real issue at stake was the remedy, which was a controverted issue among the plaintiffs and intervenors.

The defendants, individual members of the Board of Election Commissioners of St. Louis County, remained neutral, and although their attorneys attended the three-day trial, they presented no evidence and did not examine or cross-examine any witness.

The battle over the remedy was a battle of maps. The Republicans submitted two proposed maps delineating the seven council districts; the Democrats submitted one, and the NAACP initially submitted a plan but eventually withdrew it and supported one of the Republican maps. The District Court, concerned about making a political decision, accepted none of the plans. It noted that all the proposed plans involved some level of political gerrymandering. The Court drew its own plan, considering only population equality, compactness, contiguity, and compliance with the Voting Rights Act.

All three plaintiff-side parties moved for fees. At the fee hearing, the District Court explained that the three groups on the plaintiffs' side had prevailed on the essential claim — namely that the existing County Council district lines violated the Constitution. The Court also explained that awarding fees was just, as the people of

St. Louis County had de facto endorsed litigation as the proper means of establishing the district lines.

The NAACP asked for and received $28,598.25 in fees and costs. The Democrats asked for and received $68,511 in fees exclusive of other non-taxable expenses and taxable costs. The Republicans asked for $196,451.50 in fees, but the District Court, finding this number unreasonable, awarded them the same amount it awarded the Democrats. Explaining its rationale, the Court found the representation provided by the Republicans to be equivalent to that provided by the Democrats. The Court did grant different amounts to the Republicans and Democrats for allowable expenses and taxable costs.

## II.

The Republicans appeal from their fee award, mainly arguing that the District Court failed to establish a "lodestar" amount, and that, if it had established a lodestar, it unreasonably departed from that amount. We disagree.

As we have said previously, the District Court's award of attorney fees is reviewed for abuse of discretion, Webner v. Titan Distrib., Inc., 267 F.3d 828, 838 (8th Cir. 2001), but its ruling on issues of law is reviewed de novo. Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001). We are tempered in our review by the recognition that "[t]he district court was in the best position to assess the work done by counsel." Fish v. St. Cloud State Univ., 295 F.3d 849, 852 (8th Cir. 2002). The District Court is much more familiar with the lawyers and the work they have done than we are, and this applies to work out of court as well as in the courtroom. Still, our review begins with the well-established law that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." Fish, 295 F.3d at 851.

The Republicans contend that the District Court never established a lodestar amount. They say that the lodestar analysis requires an explicit statement of reasonable hours and reasonable fees, and the District Court failed to make its finding explicit; thus, the District Court's ruling must be reversed.

The District Court gave the Republicans and the Democrats equivalent fees because it found their representation to be equivalent. In granting the Democrats the amount requested, the District Court specifically authorized the payment of approximately 350 hours of lawyer time at rates varying from $115 per hour to $280 per hour. Thus, in establishing the Democrats' award the District Court determined a reasonable number of hours spent in the representation and determined a reasonable hourly rate as required by the lodestar analysis. Id. at 852. In deciding to give the Republicans the same amount, the Court impliedly, if not explicitly, found the Republicans' lodestar to be the same as the amount of time spent by the Democrats' lawyers. We find the Court's analysis to be sufficient, though brief. It clearly felt that the Republicans had over-lawyered the case. Its findings are sufficiently explicit for us to review.

Similarly, we find nothing wrong with the District Court's decision to award the Republicans and the Democrats the same amount. The lodestar analysis requires that the District Court determine the number of hours reasonably spent in the representation and the reasonable hourly rate for those hours. Ibid. In granting the Republicans and the Democrats the same fees, the District Court simply made a determination that the representation their lawyers had provided was worth the same amount of money. The lodestar analysis is a question of reasonableness. The Court did specifically note that some of the time spent by the Republican lawyers was unnecessary, and that the Corbett plaintiffs, unlike the Democrats, had used lawyers with higher hourly rates to do most of their work. The Court felt that this was unnecessary, and district courts are well qualified to make that sort of judgment. We find no fault of substance in the Court's decision. See also Jenkins v. State of

Missouri, 127 F.3d 709, 716 (8th Cir. 1997) ("The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole.")

We hold that the District Court did establish a lodestar figure for the Republicans, that this was the amount awarded, and that it is a reasonable fee.

III.

The Republicans also point to the fact that the Court awarded the NAACP only $28,598.25 in fees and costs. This of course was the full amount requested, so the Court could hardly have awarded more. The Corbett plaintiffs note that the NAACP endorsed one of their plans (again, a plan not adopted by the District Court), and argue that the time and effort thus saved by the NAACP's lawyers should be credited to them, the Corbett plaintiffs. If a proper award, the argument continues, was the sum of $68,000.00 awarded to the Democrats, the NAACP, but for the Corbett plaintiffs' help, would have had to spend about another $40,000.00. The Republicans' fees, they conclude, should be increased by the amount of this "saving." We find the argument difficult to follow and are not convinced. Certainly it is true that the NAACP agreed with the Corbett plaintiffs on a map, and it may well also be true that the Corbett plaintiffs' efforts in the case reduced the amount of time that the NAACP's lawyers would otherwise have spent. The question remains, however, what was the time spent by the Corbett plaintiffs' lawyers worth? We have held that the District Court's finding on this issue is not infected by reversible error. We are unable to see that the agreement between the Corbett plaintiffs and the NAACP should change this result. If we were to grant the Corbett plaintiffs' lawyers this "saving," they would be receiving a windfall for work for which they have already been compensated.

The judgment of the District Court is affirmed.

---